# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PATRIOTS BANK, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:21CV991 HEA |
| CHRISTOPHER and REGINA HARBISON, | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Stay, Abstain or Abate, [Doc. No. 20]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion will be denied.,

### Facts and Background

Between June 2016 and November 2019, Plaintiff and CRAZ Investments, LLC, CHAB Development, LLC, Jonesburg Sawmill & Pallet Co., Inc, and Black River Motel, LLC. (collectively, the "borrowers"), entered into several lending relationships.

On July 7, 2021, Plaintiff commenced a receivership action styled Patriots Bank v. Black River Motel, LLC et al., Case No: 21WA-CC00250 ("Receivership Case"), in the Circuit Court of Washington County, Missouri ("State Court"). In its Verified Petition ("Petition to Appoint Receiver"), Plaintiff sought the appointment

of GlassRatner Advisory & Capital Group LLC ("GlassRatner") as general receiver for the borrowers.  The state court appointed GlassRatner as receiver on July 22, 2021.  Borrowers sought to have the receivership vacated. This motion was denied by the state court on April 1, 2022.

Defendants in this action move to stay under the *Colorado River* Doctrine.

## Discussion

"The federal courts have a 'virtually unflagging obligation ... to exercise the jurisdiction given them.' " *Federated Rural Elec. Ins. Corp. v. Ark. Elec. Coops., Inc.*, 48 F.3d 294, 297 (8th Cir. 1995) (quoting in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817   (1976)). "This obligation does not evaporate simply because there is a pending state court action involving the same subject matter." *Id.* (citing *Colo. River*, 424 U.S. at 813-14). "Thus, a federal court may divest itself of jurisdiction by abstaining [under *Colorado River*] only when parallel state and federal actions exist and exceptional circumstances warrant abstention." *Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009) (citing *Colo. River*, 424 U.S. at 817-18).

The existence of parallel state and federal proceedings is a "threshold matter," and such proceedings must be present "before *Colorado River* is implicated." *Id.* at 535. "The prevailing view is that state and federal proceedings are parallel for purposes of *Colorado River* abstention when substantially similar

2

parties are litigating substantially similar issues in *both* state and federal court." *Id.* (citing *Federated Rural Elec.*, 48 F.3d at 297). However, "[t]he pendency of a state claim based on the same general facts or subject matter as a federal claim and involving the same parties is not alone sufficient." *Id.* There must be "substantial similarity" between the state and federal proceedings. *Id.* "Substantial similarity" occurs "when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Id.* (citing *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005)). A federal court must exercise jurisdiction "if there is any doubt as to the parallel nature of the state and federal proceedings." *Id.* (citing *AAR Int'l, Inc. v. Nimelias Enter. S.A.*, 250 F.3d 510, 520 (7th Cir. 2001)).

If there are parallel proceedings, courts must then determine whether there are "exceptional circumstances" warranting abstention. *Id.* at 534. Courts have developed a non-exhaustive list of six factors to weigh in assessing whether such exceptional circumstances are present. *Id.* Those factors are:

> (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority—not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

3

*Id.* (quoting *Mountain Pure, LLC v. Turner Holdings, LLC*, 439 F.3d 920, 926 (8th Cir. 2006)).

The Court must first address the "threshold matter" of whether the state and federal proceedings at issue are parallel. *See id.* Defendants argue that the cases are parallel because the allegations in both the petition in state court and the complaint herein plead substantially the same facts. However, as Plaintiff points out, the two suits are not litigating the same issues by the same parties. The parties in the state court include Plaintiff and four borrowing entities; Defendants in this action are not parties to the state receivership action. The state action is based on the issue of whether a receiver is appropriate under the Missouri Commercial Receivership Act. This case is an action seeking to enforce guarantees executed by Defendants under Kansas law. There is no *res* in this matter, rather, it seeks monetary recovery only based on the guarantees. Defendants' argument that there may be inconsistent results is without merit. Plaintiff is only entitled to the amount it is owed. The Court agrees with Plaintiff; the proceedings at issue are not parallel.

## Conclusion

Because there are no parallel proceedings, the Court need not analyze any further whether *Colorado River* abstention is warranted. *See Fru-Con Const.*, 574 F.3d at 535 ("Because the federal district court compared ... non-parallel proceedings, the *Colorado River* doctrine did not [apply]. Thus, we actually need

4

not consider whether the district court properly weighed the [six 'exceptional circumstance'] factors."). The Court is without discretion to abstain under the *Colorado River* doctrine absent parallel proceedings. Thus, Defendants' Motion to Stay and Abstain must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay, Abstain or Abate, [Doc. No. 20], is **DENIED**.

Dated this  7th day of July,  2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE