# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PATRIOTS BANK, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:21CV991 HEA |
| CHRISTERPHOR HARBISON, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is now before the Court on Defendant Premium Real Estate, LLC's Verified Emergency Motion to Cancel Notice of *Lis Pendens*, [Doc. No. 80]. Plaintiff opposes the Motion. The Court held a hearing on the Motion on May 8, 2023. For the reasons set forth below, the Motion will be denied.

Plaintiff's Amended Complaint alleges Plaintiff entered into several loan agreements with different entities owned by Defendants Christerphor and Regina Harbison. Some of these loans are in default. Originally, Plaintiff filed this action seeking only money damages against Christerphor and Regina based on personal guaranties. Plaintiff filed another action against the entities, which has been consolidated into this action. Subsequently, Plaintiff has filed this action against all of the entities owned by the Harbisons on the theories of fraud, single enterprise, and alter ego.

Plaintiff filed a Notice of *Lis Pendens* with the Camden County, Missouri Recorder of Deeds on March 21, 2023 for real property owned by one of the entities, Premium, which is scheduled to close on the sale of the Property no later than June 1, 2023.

Premium moves the Court to exercise its discretion by ordering Plaintiff to cancel the Notice. Plaintiff argues the Notice was properly filed.

The Missouri Statute authorizing a notice of *lis pendens* provides:

> In any civil action, based on any equitable right, claim or lien, affecting or designed to affect real estate, the plaintiff shall file for record, with the recorder of deeds of the county in which any such real estate is situated, a written notice of the pendency of the suit, stating the names of the parties, the style of the action and the term of the court to which such suit is brought, and a description of the real estate liable to be affected thereby; and the pendency of such suit shall be constructive notice to purchasers or encumbrancers, only from the time of filing such notice. The recorder shall note the time of receiving such notice, and shall record and index the same in like manner as deeds of real estate are required to be recorded and indexed.

Mo.Rev.Stat. § 527.260.

Defendants argue Plaintiffs are only seeking money damages, therefore, the Notice was improperly filed. Subsequent to the Emergency Motion, Plaintiff filed its Amended Complaint wherein it alleges the Harbisons and the entities are in reality a single business enterprise and are alter egos of the Harbisons.

> "Ordinarily, a corporation is regarded as a separate legal entity, separate and distinct from its stockholders, officers, and directors, with separate and distinct liabilities and obligations." *Commonwealth Land Title Ins. Co. v. Miceli*, 480 S.W.3d 354, 370 (Mo. App. E.D. 2015) (internal citation omitted). However, "[p]iercing the corporate veil is an equitable doctrine

2

used by the courts to look past the corporate form and impose liability upon owners of the corporation ... when the owners create or use the corporate form to accomplish a fraud, injustice, or some unlawful purpose." *Blanks*, 450 S.W.3d at 375.

*Bick v. Legacy Bldg. Maint. Co. LLC*, 626 S.W.3d 700, 705 (Mo. Ct. App. 2021), *transfer denied* (Aug. 31, 2021).

Plaintiff's Amended Complaint seeks to invoke the Court's equitable powers to pierce the corporate veil of the entities to impose liability on the Harbisons. Without doubt, the Amended Complaint seeks relief other than damages alone.

Proceeding to the second aspect of the *lis pendens* statutory requirements, the Court must determine, at this point, whether the action affects or is designed to affect real property. In this case, Plaintiff is seeking to recover the amount it is owed for the defaults on certain loans it made to the entities. Although not specifically secured by Premium's real estate, Plaintiff is attempting to reach assets which Plaintiff contends have been transferred to the entities in an attempt to avoid the obligations of the Harbisons. Plaintiff contends the Harbisons have fraudulently transferred and comingled funds of all of their corporate entities such that all of the various properties are reasonably related to this suit.

> Filing a lis pendens provides notice to potential purchasers of a pending suit, which may affect title to property, and its purpose is to preserve rights pending the outcome of litigation. *Kopp v. Franks*, 792 S.W.2d 413, 424 (Mo. Ct. App. 1990). Where lis pendens have a reasonable relation to the action filed, absolute privilege attaches to their recording. *Houska v. Frederick*, 447 S.W.2d 514, 519 (Mo. 1969). Missouri law places no limitations or qualifications on the absolute privilege it accords lis pendens notices. *Birdsong v. Bydalek*, 953 S.W.2d 103, 114 (Mo. Ct. App. 1997).

*Queen v. Thao*, No. 6:12-CV-3185 CAS, 2013 WL 12125440, at *3 (W.D. Mo. Nov. 15, 2013).

The Amended Complaint sufficiently alleges equitable remedies that are reasonably related to the subject property.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Premium Real Estate, LLC's Verified Emergency Motion to Cancel Notice of *Lis Pendens*, [Doc. No. 80], is denied.

Dated this 19th day of May, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE